UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| ALBERT R. MOORE,<br><br>　　　Plaintiff,<br><br>vs.<br><br>SILAS WILBER, SSA-ADM<br><br>　　　Defendant. | Case No.: 1:14-cv-00243-REB<br><br>**MEMORANDUM DECISION AND ORDER RE:**<br><br>**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S MOTION TO ENSURE S.S. OLD AGE PENSION FUND**<br>**(Docket No. 15)**<br><br>**PLAINTIFF'S MOTION TO AMEND AND SEAL**<br>**(Docket No. 21)**<br><br>**PLAINTIFF'S MOTION TO DENY DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**<br>**(Docket No. 24)**<br><br>**PLAINTIFF'S MOTION TO EXERCISE CONSTITUTIONAL FACTS**<br>**(Docket No. 28)** |

　　　Now pending before the Court are the following motions: (1) Defendant's Motion to Dismiss Plaintiff's Motion to Ensure S.S. Old Age Pension Fund (Docket No. 15); (2) Plaintiff's Motion to Amend and Seal (Docket No. 21); (3) Plaintiff's Motion to Deny Defendant's Reply in Support of Motion to Dismiss (Docket No. 24); and (4) Plaintiff's Motion to Exercise Constitutional Facts (Docket No. 28).  Having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

**MEMORANDUM DECISION AND ORDER - 1**

**BACKGROUND**

Plaintiff initiated this action by filing a self-styled "Motion to Ensure S.S. Old Age Pension Fund Expressed by Contract Ex[e]cuted in 1935 Reemp[ha]sized in 1983 Hereby Recognized as Contract" (the "Motion"). *See* Mot. to Ensure (Docket No. 2). Therein, Plaintiff cites largely to the U.S. Constitution, while also making reference to the *Martinez v. Astrue* class action settlement – the latter of which he presumes and claims applies to him. *See generally id*. Ultimately, Plaintiff appears to be seeking the recovery of social security benefits, alleging within the "Damages" section of the Motion:

> Petitioners[1] request all old age pensions be returned to pensioners, that was denied them. The taking of SS old age pensions payment due is in violation of the Constitution of the United "States." All back pay or pension, retirement be ordered to be given Petitioners that was generated by a contract between Petitioners and the Fed. Gov. + 5% annual interest. The fact that this law is unconstitutional it matters not who incepted it.

*Id*. at p. 14. Defendant now moves to dismiss Plaintiff's Motion, arguing that this Court lacks subject matter jurisdiction, owing to Plaintiff's failure to exhaust administrative remedies. *See* Mem. in Supp. of MTD, pp. 2-8 (Docket No. 15, Att. 1).[2]

**DISCUSSION**

**A.     Defendant's Motion to Dismiss (Docket No. 15)**

1.     <u>Motions to Dismiss and Subject Matter Jurisdiction</u>

FRCP 12(b)(1) authorizes a motion to dismiss for lack of subject matter jurisdiction. "It is a fundamental precept that federal courts are courts of limited jurisdiction . . . [and] limits

---

[1] Plaintiff was one of three original Plaintiffs. However, since the action's filing, Plaintiffs Oscar Rice and Robert Abbot have been dismissed. *See* 6/8/15 Order (Docket No. 27).

[2] Defendant alternatively contends that this action should be dismissed because of Plaintiff's alleged failure to properly serve process upon it. *See* Mem. in Supp. of MTD, pp. 8-9 (Docket No. 15, Att. 1).

**MEMORANDUM DECISION AND ORDER - 2**

upon federal jurisdiction . . . must be neither disregarded nor evaded." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). The plaintiff has the burden of establishing that subject matter jurisdiction is proper. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "When considering a motion to dismiss for lack of subject matter jurisdiction, the court presumes the factual allegations of the complaint are true and draws reasonable inferences in favor of the non-moving party." *Whisnaut v. U.S.*, 400 F.3d 1177, 1179 (9th Cir. 2005). This tenant that allegations must be taken as true, however, does not extend to legal conclusions contained in the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

  2. <u>Sovereign Immunity, Exhaustion of Administrative Remedies, and Subject Matter Jurisdiction</u>

Defendant argues that this action must be dismissed for lack of subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies before brining the instant action. *See* Mem. in Supp. of MTD, pp. 2-8 (Docket No. 15, Att. 1).

As a sovereign, the United States is immune from suit except according to its consent to be sued. *See Lehman v. Nakshian*, 453 U.S. 156, 160 (1981).[3] It necessarily follows that, where Congress waives the immunity of the United States, any terms and conditions that it places on the waiver are jurisdictional and must be strictly construed. *See Block v. North Dakota ex rel. Board of Univ. and School Lands*, 461 U.S. 273, 287 (1983); *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992).

Relevant here, 42 U.S.C. § 405(g) provides a limited waiver of the SSA's sovereign immunity by specifically permitting suits challenging final decisions of the SSA in connection

---

  [3] As an agency of the United States, the Social Security Administration ("SSA") likewise enjoys sovereign immunity from suit absent consent, and the existence of consent constitutes a prerequisite for jurisdiction. *See F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.").

**MEMORANDUM DECISION AND ORDER - 3**

with social security eligibility and benefits determinations. *See* 42 U.S.C. § 405(g) (providing that "[a]ny individual, after any *final decision* of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.") (emphasis added).

However, "the [Social Security] Act does not define 'final decision,' instead leaving it to the SSA to give meaning to that term through regulations." *Sims v. Apfel*, 530 U.S. 103, 106 (2000) (citing 42 U.S.C. § 405(a) and *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975)). A claimant may obtain a final decision from the SSA generally by proceeding through the following stages of the administrative appeals process: (1) initial determination; (2) reconsideration; (3) a hearing before an administrative law judge ("ALJ"); and (4) Appeals Council review. *See Bowen v. City of New York*, 476 U.S. 467, 482 (1986); *see also* 20 C.F.R. § 404.900(a)(1)-(4). Importantly, "SSA regulations provide that, if the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision . . . . [I]f . . . the Council denies the request for review, the ALJ's decision becomes the final decision." *Sims*, 530 U.S. at 106-07. "If a claimant fails to request review from the Council, there is no final decision and, as a result, no judicial review in most cases." *Id*. at 107. *Only* upon the Appeals Council issuing a decision or declining review may a claimant seek review in a federal district court – this Court. *See* 20 C.F.R. §§ 404.900(a)(5), 404.981.

This exhaustion requirement, however, may be waived where the claim is "(1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that denial of

**MEMORANDUM DECISION AND ORDER - 4**

relief will cause irreparable harm (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility)." *Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003). All three factors must be established to waive the exhaustion requirement. *See Kaiser v. Blue Cross of California*, 347 F.3d 1107, 1115 (9th Cir. 2003).

   3. <u>Plaintiff Has Not Exhausted His Administrative Remedies</u>

  The record before the Court – as represented by a review of Plaintiff's Motion and construed in Plaintiff's favor – demonstrates that Plaintiff failed to obtain complete administrative review before initiating this action. Even assuming an initial adverse decision by the SSA, Plaintiff did not seek a reconsideration of that decision, followed by a hearing before an administrative law judge and Appeals Council Review, if necessary. In short, the SSA was never given an opportunity to process and review Plaintiff's claim for social security benefits before he presented them within his Motion before this Court. As a result, Plaintiff may not now obtain judicial review because, in administrative law parlance, he has failed to exhaust his administrative remedies. *See Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) ("Proper exhaustion [of administrative remedies] demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings."); *see also* 20 C.F.R. § 404.900(b) ("If you are dissatisfied with our decision in the review process, but do not take the next step within the stated period of time, you will lose your right to further administrative review and your right to judicial review, unless you can show us that there was good cause for your failure to make a timely request for review.").

  Plaintiff's numerous citations to the U.S. Constitution and passing reference to a "violation of the Constitution of the United 'States" within his Motion is not enough. That is, it

**MEMORANDUM DECISION AND ORDER - 5**

is obvious that Plaintiff seeks to challenge a decision affecting his social security benefits and only 42 U.S.C. § 405(g) provides the exclusive jurisdictional basis for reviewing such actions. In turn, administrative exhaustion is necessary. *See* 42 U.S.C. § 405(g) (civil action may be brought only after Commissioner has made final decision on claim); 42 U.S.C. § 405(h) ("[n]o finding of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or government agency except as herein provided.").

With all this in mind (and no basis to conclude either that (1) the exhaustion requirement has been waived, or (2) there was good cause for Plaintiff to not exhaust his administrative remedies), the SSA's sovereign immunity operates as a jurisdictional bar and this action must be dismissed for lack of subject matter jurisdiction. Defendant's Motion to Dismiss (Docket No. 15) is granted.[4]

**B.    Plaintiff's Various Pending Motions (Docket Nos. 21, 24, and 28)**

   1.    Plaintiff's Motion to Amend and Seal (Docket No. 21)

Within his Motion to Amend and Seal, Plaintiff requests the following:

> I request that exhibits page 4 of 13, 5 of 13, 6 of 13, 7 of 13 and 8 of 13, be seal and removed from the record to be replaced by 4 of 13, B 5 of 13, B 6 of 13, B 7 of 13, B and 8 of 13, B in accordance with E-Government act of 2002. The documents are filed to show SS refers to my SS as retirement.

Mot. to Am., p. 1 (Docket No. 21). The undersigned interprets Plaintiff's request as seeking to replace certain pages within his opposition to Defendant's Motion to Dismiss (containing references to his social security number) with redacted versions of those same pages (removing those same references to his social security number). *Compare* (Docket No. 19, Atts. 1 & 2), *with* (Docket No. 22).

---

[4] Without subject matter jurisdiction, the Court need not consider Defendant's alternate argument that Plaintiff failed to properly serve process.

**MEMORANDUM DECISION AND ORDER - 6**

Pursuant to FRCP 5.2(a)(1), filings that contain an individual's social security number may include only "the last four digits of the social security number . . . ." Fed. R. Civ. P. 5.2(a)(1). Here, Plaintiff seeks the redaction of his entire social security number (not just the first five, as contemplated by FRCP 5.2(a)(1)); even so, to assist in the action's progression (and, ultimately, conclusion, in light of the Court's simultaneous granting of Defendant's Motion to Dismiss (*see supra*)), Plaintiff's Motion to Amend and Seal (Docket No. 21) is granted. The docket clerk is ordered to seal Docket No. 19, Atts. 1 & 2, making reference within any such docket entry to the replaced pages at Docket No. 22.[5]

    2.    <u>Plaintiff's Motion to Deny Defendant's Reply in Support of Motion to Dismiss (Docket No. 24)</u>

Plaintiff's Motion to Deny Defendant's Reply in Support of Motion to Dismiss takes issue with certain of the arguments raised by Defendant in the Motion to Dismiss. *See generally* Mot. to Deny (Docket No. 24). Plaintiff's disagreement with such arguments is not a basis to deny or strike any such permitted filing. *See* Dist. Idaho Loc. Civ. R. 7.1(b)(3) (allowing moving party to submit reply brief in support of (and in response to non-moving party's opposition to) underlying motion. Accordingly, Plaintiff's Motion to Deny Defendant's Reply in Support of Motion to Dismiss (Docket No. 24) is denied.

    3.    <u>Plaintiff's Motion to Exercise Constitutional Facts (Docket No. 28)</u>

Plaintiff's Motion to Exercise Constitutional Facts seeks to supplement the record with various contentions and, consistent with his previous filings to date, a myriad of cross-references

---

[5] Local Civil Rule 5.3 deals with filing sealed documents. In particular, sealed documents may be filed under seal in the first instance, but must be accompanied by a separate motion to seal justifying the legal basis for such action, to be considered by the Court. *See* Dist. Idaho Loc. Civ. R. 5.3(b)(2). There is no self-executing right of a party to seal a document in the court record.

**MEMORANDUM DECISION AND ORDER - 7**

to the U.S. Constitution. *See generally* Mot. to Exercise Const. Facts (Docket No. 28). The undersigned interprets Plaintiff's request in this respect as either a second brief in opposition to Defendant's Motion to Dismiss or, at the very least, an effort to supplement the record in support of his own underlying Motion. The Court hereby grants Plaintiff's Motion to Exercise Constitutional Facts (Docket No. 28). In doing so, however, the fact remains that Plaintiff failed to exhaust his administrative remedies leading up to this action's initiation and, for the reasons already stated herein, the SSA's sovereign immunity operates as a jurisdictional bar and this action must be dismissed for lack of subject matter jurisdiction (*see supra*).

## ORDER

Based upon the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's Motion to Dismiss Plaintiff's Motion to Ensure S.S. Old Age Pension Fund (Docket No. 15) is GRANTED;

2. Plaintiff's Motion to Amend and Seal (Docket No. 21) is GRANTED. The docket clerk is ordered to seal Docket No. 19, Atts. 1 & 2, making reference within any such docket entry to the replaced pages at Docket No. 22;

3. Plaintiff's Motion to Deny Defendant's Reply in Support of Motion to Dismiss (Docket No. 24) is DENIED; and

4. Plaintiff's Motion to Exercise Constitutional Facts (Docket No. 28) is GRANTED.

///

///

///

**MEMORANDUM DECISION AND ORDER - 8**

5.      Once the docket clerk complies with paragraph 2 of this section, the Clerk's Office is directed to close the case.



DATED:  **January 11, 2016**

_____
Honorable Ronald E. Bush
Chief U. S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 9**